LOVE, SUPERINTENDENT OF BANKS, *v.* VINA BANKING Co. *et al.*

(Division B.  Nov. 13, 1933.)

[150 So. 754.  No. 30808.]

**Flowers, Brown & Hester**, of Jackson, and **C. R. Bolton**, of Tupelo, for appellant.

**Travis Williams**, of Russellville, Alabama, for appellees.

Argued orally by C. R. Bolton, for appellant, and by Travis Williams, for appellee.

Ethridge, P. J., delivered the opinion of the court.

The Vina Banking Company, a banking corporation of the state of Alabama, had a customer, the J. C. Williams Lumber Company, which it was financing; but being a bank of limited capital, and the amounts loaned to the J. C. Williams Lumber Company being large, the super-

intendent of banks in Alabama was not willing for it to carry such loans. The J. C. Williams Lumber Company and the Vina Banking Company went to the People's Bank & Trust Company, a banking corporation in Mississippi, located at Tupelo, Mississippi, and arranged for it to make advances on invoices of the lumber company, by which arrangement the J. C. Williams Lumber Company would make out invoices of the lumber, execute its demand note payable to the People's Bank & Trust Company, attach thereto, as security, the invoice of said lumber, and deposit said note with the attached invoice in the People's Bank & Trust Company, and the Vina Banking Company would be credited on its books for approximately eighty per cent. of the invoice price of said lumber.

It was agreed that, if the amount collected on the invoice attached to the note was insufficient to pay same, the deficit would be charged to the Vina Banking Company; but, if the invoice was in excess of the amount of the note, the overplus would be credited to the Vina Banking Company. It was understood that the People's Bank & Trust Company would not bring any pressure to bear for the payment of said notes, but, if they were not paid in due course, the amount advanced by the People's Bank & Trust Company would be charged back to the account of the Vina Banking Company, and the notes returned to the Vina Banking Company, and it would take up with the J. C. Williams Lumber Company the collection of such invoices and notes.

The accounts were carried on the books of the People's Bank & Trust Company in the name of the Vina Banking Company, and no credits were given to the J. C. Williams Lumber Company.

This arrangement was entered into in September, 1932, and on December 24, 1932, the People's Bank & Trust Company was taken over for liquidation by the state banking department. At the time of this taking over of

said People's Bank & Trust Company, the account of the Vina Banking Company showed a balance of four thousand four hundred seventy-three dollars and sixteen cents, and there were demand notes of the J. C. Williams Lumber Company held by the People's Bank & Trust Company amounting to three thousand three dollars and seventy-five cents, on which had been collected approximately two thousand five hundred seventy-nine dollars. The Vina Banking Company desired to have these notes charged to its account, and the invoices and notes returned to it, which the superintendent of banks of Mississippi refused to do, but made demand upon the J. C. Williams Lumber Company for the amount advanced on said notes, which it refused to pay.

Thereupon, the J. C. Williams Lumber Company and the Vina Banking Company filed this suit setting up substantially the facts set forth above, and contending that the invoices and notes belonged, in equity, to the Vina Banking Company, and that its account should be charged with the same, so as to make an offset of the amount due to the Vina Banking Company by the People's Bank & Trust Company. In other words, to reduce its deposit by the amount of the notes and invoices.

The court below adjudged that the Vina Banking Company was primarily liable for the notes and invoices, and that it was the equitable owner of same, and was entitled to have them offset against the amount due it by the People's Bank & Trust Company in liquidation.

The entire transaction showed, by the dealings of the two banks, and the testimony, that the arrangement was one by which the Vina Banking Company was the equitable owner of the invoices, and that its agreement bound it to pay the demand notes.

There is no substantial conflict in the evidence as to how the transaction was understood at the time it was entered into, and the action of the parties in reference to it.

The legal title to the invoices and notes was in the People's Bank & Trust Company, but the Vina Banking Company was the equitable owner thereof, and was entitled to an equitable offset.

As the invoices and notes were less than the amount of the deposit carried by the Vina Banking Company, it was entitled to have the notes charged to its account by way of setoff, and the notes returned to it by the People's Bank & Trust Company.

For the reasons indicated, the decree of the chancellor will be affirmed.

Affirmed.